**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JOHN EDWARD MITCHELL,

Plaintiff - Appellant,

v.

J. MARSHALL; et al.,

Defendants - Appellees.

No. 12-56316

D.C. No. 2:12-cv-02048-ABC-SH

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Audrey B. Collins, District Judge, Presiding

Submitted March 10, 2014[**]

Before:     PREGERSON, LEAVY, and MURGUIA, Circuit Judges.

California state prisoner John Edward Mitchell appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging that

defendants violated his due process rights in connection with his disciplinary

hearings and confinement in the security housing unit ("SHU").  We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915A. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). We affirm.

The district court properly dismissed Mitchell's damages claims against defendants in their official capacities because those claims are barred by the Eleventh Amendment. *See Flint v. Dennison*, 488 F.3d 816, 824-25 (9th Cir. 2007) (Eleventh Amendment bars damages claims against state officials in their official capacity).

The district court properly dismissed Mitchell's due process claim regarding his disciplinary hearings and confinement in the SHU because, even assuming Mitchell had a liberty interest in avoiding SHU confinement, the allegations in the complaint, and attachments thereto, indicate that Mitchell received all the process he was due. *See Superintendent v. Hill*, 472 U.S. 445, 455 (1985) ("[T]he requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board . . . ."); *Wolff v. McDonnell*, 418 U.S. 539, 563-70 (1974) (setting forth the minimum due process required when a prisoner faces disciplinary charges).

The district court properly dismissed Mitchell's claim regarding his right to appeal his disciplinary finding because Mitchell had no constitutional entitlement to an inmate appeals process. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir.

2003) ("[I]nmates lack a separate constitutional entitlement to a specific grievance procedure.").

The district court did not abuse its discretion by dismissing without leave to amend because amendment would have been futile. *See Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1129-30 (9th Cir. 2013) (setting forth standard of review and explaining that leave to amend may be denied if amendment would be futile).

**AFFIRMED.**

12-56316